
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY PRENTICE, | No. 14-16766 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00743-RCJ-VPC |
| v. | |
| RENEE BAKER; NEVADA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted October 21, 2015
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges, and DUFFY,** District Judge.

Anthony Prentice appeals the district court's denial of his petition pursuant

to 28 U.S.C. § 2254. In his petition, Prentice argued that he was deprived of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

effective assistance of counsel because his counsel did not move to suppress his statements to police pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of Prentice's habeas petition. *See Dyer v. Hornbeck*, 706 F.3d 1134, 1137 (9th Cir. 2013). Under the Antiterrorism and Effective Death Penalty Act of 1996, we may not grant relief unless Prentice shows that "the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court; or that it 'involved an unreasonable application of' such law; or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (quoting 28 U.S.C. § 2254(d)) (citation omitted).

Prentice has not shown that the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show ineffective assistance of counsel, Prentice must show: (1) that his counsel's representation fell below an objective standard of professionally reasonable conduct; and (2) that a "reasonable probability" exists that the deficient performance affected the outcome of his trial. *Id.* at 687-89, 694. Even assuming that Prentice's counsel performed deficiently (a question we need not and do not reach), the state court's conclusion that Prentice

failed to show prejudice was not objectively unreasonable. *See id.* at 697. The statements at issue were not highly damaging or greatly inconsistent with Prentice's trial defense, and the other evidence of Prentice's guilt was strong, especially Ashley Ratelle's testimony that Prentice planned the murder and provided weapons. Therefore, Prentice cannot show a reasonable probability that the result of his trial would have been different had counsel successfully suppressed Prentice's statements. Nor was the state court's decision based on an unreasonable determination of the facts. *See Wood v. Allen*, 558 U.S. 290, 301 (2010). Accordingly, we affirm the district court's denial of Prentice's petition.[1]

We construe Prentice's additional arguments as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e). So construed, the motion is denied because Prentice has not made a "substantial showing of the denial of a constitutional right." *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curiam) (quoting 28 U.S.C. § 2253(c)(2)).

**AFFIRMED.**

---

[1] Because we deny Prentice's claim on the merits, we do not reach the question of whether his claim was exhausted, *see* 28 U.S.C. § 2254(b)(2), and Prentice is not entitled to a remand to the district court for an evidentiary hearing, *see Cullen v. Pinholster*, 563 U.S. 170, 203 n.20 (2011).